IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RICHARD CATRAMBONE )
 )
                    Plaintiff, )
 )
          v. )
 )
 )
THOMAS ADAMS, )
 )
                    Defendant. )

Case No. _____
FILED:  MARCH 20, 2008
08CV1655        RCC
JUDGE ANDERSEN
MAGISTRATE JUDGE BROWN

**COMPLAINT**

NOW COMES Plaintiff, by his attorneys, Ariel Weissberg, Rakesh Khanna and the law firm of Weissberg and Associates, Ltd., and as his Complaint against Defendant, Thomas Adams, states as follows:

**The Parties**

1.      Plaintiff, Richard Catrambone ("Catrambone" or "Plaintiff"), is an individual residing in and citizen of Will County, Illinois.

2.      Defendant, Thomas Adams ("Adams" or "Defendant") is an individual residing in and a citizen of Michigan.

**Jurisdiction and Venue**

3.      The amount in controversy in this matter, exclusive of interest and costs, exceeds $75,000 and there is complete diversity of citizenship between

1

the Plaintiff and Defendant.  Accordingly, this Court has jurisdiction over this cause pursuant to 28 U.S.C. §1332.

4.      Venue is proper in this District pursuant to 28 U.S.C. §1391(a)(2) because a substantial portion of the events that give rise to Plaintiff's claims occurred within this District.

5.      Defendant has minimum contacts with the United States and the State of Illinois.  This Court's exercise of jurisdiction is consistent with the Constitution and laws of the United States so as to establish personal jurisdiction over Defendant with respect to this case.

## Facts Common to All Counts

6.      Defendant asserts that he is a co-equal partner with plaintiff in a business venture started between these two alleged partners in November, 2001, involving the sale and distribution of dry wall and dry wall products doing business as *Great Lakes Building Materials, Inc.("Great Lakes").*

7.      Also, defendant asserts that defendant and plaintiff agreed to operate the business of Great Lakes as an Illinois general partnership, and that defendant was entitled to a share of the profits of the Great Lakes business.

8.      Recently, due to the severe financial distress of Great Lakes, Great Lakes terminated its business operations. Specifically, on October 15, 2007, Wells Fargo Bank, NA ("Wells Fargo"), Great Lakes' secured credit facility seized the business assets of Great Lakes. Wells Fargo held a perfected senior lien on all of the assets of Great Lakes. Thus, this seizure left Great Lakes with the inability to continue its business, including the ability to pay its liabilities.

9.      On October 29, 2007, Great Lakes filed a voluntary petition in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division to initiate a Chapter 7 bankruptcy case, as case number 07 B 20086 ("Bankruptcy Case").

10.     In the Bankruptcy Case, Great Lakes filed Schedules D, E and F disclosing claimants against Great Lakes ("GL Claimants"). Also, in the Bankruptcy Case, Great Lakes filed Schedule H disclosing claimants against Great Lakes to whom Plaintiff may be co-obligated.

11.     Under Illinois law, where two or more general partners are subject to personal liability for the debts of the partnership, there is a right of contribution among them.

12.     The right of contribution against defendant exists in favor of plaintiff for all claims.

13.     In addition, plaintiff is seeking a declaration that defendant is liable for the full amount of the claims of the GL Claimants based on defendant's assertion that Great Lakes was a partnership and that he was a co-equal partner of plaintiff in Great Lakes.

14.     A real and justifiable controversy exists between the parties with respect to the foregoing.

WHEREFORE, Plaintiff Richard Catrambone, prays as follows:

A.      That this Court enter judgment in Plaintiff's favor and against Thomas Adams in an amount to be determined by the court;

4

B.      That this Court enter a declaration that defendant is liable for the full amount of the claims of the GL Claimants based on defendant's assertion that Great Lakes was a partnership and that he was a co-equal partner of plaintiff in an amount to be determined by the court; and

C.      For such other and further relief as this court deems just and proper.

                              **RICHARD CATRAMBONE**, Plaintiff

                              By:\_\_\_\_/s/ Ariel Weissberg\_\_\_\_
                                    One of his attorneys

Ariel Weissberg, Esq. (03125591)
Rakesh Khanna, Esq. (06243244)
Weissberg and Associates, Ltd.
401 South LaSalle Street, Suite 403
Chicago, IL  60605
T. (312) 663-0004
F. (312) 663-1514