IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD CATRAMBONE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 08 C 1655 |
| | ) | |
| THOMAS ADAMS, | ) | Judge Wayne Anderson |
| | ) | |
| Defendant, | ) | Magistrate Judge Brown |

## ANSWER and AFFIRMATIVES DEFENSES

The Defendant, Thomas Adams, by and through his attorney, Carlton Odim, for his Answer and Affirmatives Defenses states the following:

1. Plaintiff, Richard Catrambone ("Catrambone" or "Plaintiff"), is an individual residing in and citizen of Will County, Illinois.

**ANSWER**: Thomas Adams admits the allegations contained in paragraph one (1) of the complaint.

2. Defendant, Thomas Adams ("Adams" or "Defendant") is an individual residing in and a citizen of Michigan.

**ANSWER**: Thomas Adams denies the allegations contained in paragraph one (1) of the complaint, but states that he resides in and is a citizen of the State of Florida.

3. The amount in controversy in this matter, exclusive of interest and costs, exceeds $75,000 and there is complete diversity of citizenship between the Plaintiff and Defendant. Accordingly, this Court has jurisdiction over this cause pursuant to 28 U.S.C. §1332.

**ANSWER:** Thomas Adams denies that there exists any amount in controversy and/or that the amount in controversy, exclusive of interest and costs, exceeds $75,000. He admits the remaining allegations contained in paragraph three (3) of the complaint.

4. Venue is proper in this District pursuant to 28 U.S.C. §1391(a)(2) because a substantial portion of the events that give rise to Plaintiff's claims occurred within this District.

**ANSWER:** Thomas Adams admits the allegations contained in paragraph four (4) of the complaint.

5.      Defendant has minimum contacts with the United States and the State of Illinois. This Court's exercise of jurisdiction is consistent with the Constitution and laws of the United States so as to establish personal jurisdiction over Defendant with respect to this case.

**ANSWER:** Thomas Adams admits the allegations contained in paragraph five (5) of the complaint.

6.      Defendant asserts that he is a co-equal partner with plaintiff in a business venture started between these two alleged partners in November, 2001, involving the sale and distribution of dry wall and dry wall products doing business as Great Lakes Building Materials, Inc. ("Great Lakes").

**ANSWER:** Thomas Adams denies the allegations contained in paragraph six (6) of the complaint, but states that he and the plaintiff are 50/50 owners of a business partnership whose primary, though not exclusive, object was the distribution of dry wall and dry wall products, and that Great Lakes Building Materials, Inc. was incorporated in furtherance of the partnership business.

7.      Also, defendant asserts that defendant and plaintiff agreed to operate the business of Great Lakes as an Illinois general partnership, and that defendant was entitled to a share of the profits of the Great Lakes business.

**ANSWER:** Thomas Adams denies the allegations contained in paragraph seven (7) of the complaint, but states that he and the plaintiff are 50/50 owners of a business partnership whose primary, though not exclusive, object was the distribution of dry wall and dry wall products, and that Great Lakes Building Materials, Inc. was incorporated in furtherance of the partnership business.

8.      Recently, due to the severe financial distress of Great Lakes, Great Lakes terminated its business operations. Specifically, on October 15, 2007, Wells Fargo Bank, NA ("Wells Fargo"), Great Lakes' secured credit facility seized the business assets of Great Lakes. Wells Fargo held a perfected senior lien on all of the assets of Great Lakes. Thus, this seizure left Great Lakes with the inability to continue its business, including the ability to pay its liabilities.

**ANSWER:** Thomas Adams denies the allegations contained in paragraph eight (8) of the complaint.

9. On October 29, 2007, Great Lakes filed a voluntary petition in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division to initiate a Chapter 7 bankruptcy case, as case number 07 B 20086 ("Bankruptcy Case").

**ANSWER:** Thomas Adams admits the allegations contained in paragraph six (6) of the complaint.

10. In the Bankruptcy Case, Great Lakes filed Schedules D, E and F disclosing claimants against Great Lakes ("GL Claimants"). Also, in the Bankruptcy Case, Great Lakes filed Schedule H disclosing claimants against Great Lakes to whom Plaintiff may be co-obligated.

**ANSWER:** Thomas Adams admits the allegations contained in paragraph ten (10) of the complaint that certain schedules were filed in the bankruptcy case; however, he denies the truthfulness of the filed schedules D, E, F, and H.

11. Under Illinois law, where two or more general partners are subject to personal liability for the debts of the partnership, there is a right of contribution among them.

**ANSWER:** Thomas Adams neither admits nor denies paragraph eleven (11) of the complaint, because it is a statement of law to which no admission or denial is called for.

12. The right of contribution against defendant exists in favor of plaintiff for all claims.

**ANSWER:** Thomas Adams denies the allegation contained in paragraph twelve (12) of the complaint.

13. In addition, plaintiff is seeking a declaration that defendant is liable for the full amount of the claims of the GL Claimants based on defendant's assertion that Great Lakes was a partnership and that he was a co-equal partner of plaintiff in Great Lakes.

**ANSWER:** Thomas Adams neither admits nor denies paragraph thirteen (13) of the complaint, because it is a statement requesting relief for which no admission or denial is called for.

14. A real and justifiable controversy exists between the parties with respect to the foregoing.

**ANSWER:** Thomas Adams denies the allegations contained in paragraph fourteen (14) of the complaint.

WHEREFORE, Defendant, Thomas Adams, prays that the court:

A. Order plaintiff to provide defendant a full and complete statement of accounting of partnership assets and liabilities;

B. Conduct a hearing on the statement of accounting; and

C. Deny the plaintiff's request for contribution; and

D. Deny the plaintiff's request for declaratory relief; and

E. Grant the defendant his costs; and

F. Grant the defendant such further and other relief as the court considers fair and just.

## AFFIRMATIVE DEFENSES

Thomas Adams alleges the following Affirmative Defenses to the complaint of Richard Catrambone:

### FIRST AFFIRMATIVE DEFENSE

1. Under the doctrine of unclean hands, Richard Catrambone is not entitled to equitable relief, including declaratory relief, because he committed fraud against Thomas Adams and breached his fiduciary duties toward Thomas Adams as determined by a jury in the case of *Adams v. Catrambone*, 02 C 8700 [Federal District Court, Northern District of Illinois].

WHEREFORE, Defendant, Thomas Adams, prays that the court dismiss the complaint of Plaintiff, Richard Catrambone.

## SECOND AFFIRMATIVE DEFENSE

2.     Under the doctrine of unclean hands, Richard Catrambone is not entitled to contribution, because he committed fraud against Thomas Adams and breached his fiduciary duties toward Thomas Adams as determined by a jury in the case of *Adams v. Catrambone*, 02 C 8700 [Federal District Court, Northern District of Illinois].

WHEREFORE, Defendant, Thomas Adams, prays that the court dismiss the complaint of Plaintiff, Richard Catrambone.

## THIRD AFFIRMATIVE DEFENSE

3.     Richard Catrambone is not entitled to relief, because his complaint fails to state grounds upon which relief may be granted.

WHEREFORE, Defendant, Thomas Adams, prays that the court dismiss the complaint of Plaintiff , Richard Catrambone.

## **RESERVATION OF DEFENSES**

Thomas Adams reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure and any other defenses, at law or in equity, that may be available now or may become available in the future based upon discovery or any other factual investigation in this case.

Dated: May 27, 2008                                           **DEMAND FOR TRIAL BY JURY**

                                                                              Respectfully submitted,

                                                                              Thomas Adams

                                                                              /s/Carlton Odim
                                                                              By one of his attorneys

Carlton Odim
Odim Law Offices
19 S. LaSalle Street, Suite 1300
Chicago, IL  60603
(312) 578-9390

5